## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

JAMIE L. FRAZIER,

      Plaintiff,

v.                            Case No.  5:25-cv-139-MW-MJF

BAY COUNTY SHERIFF'S
DEPARTMENT, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this case without prejudice because Plaintiff violated the Local Rules by failing to disclose fully and accurately his litigation history.

### BACKGROUND

Plaintiff is a Florida prisoner housed at the Liberty Correctional Institution. Plaintiff's Florida Department of Corrections inmate number is D43540.

Plaintiff initiated this civil action on June 9, 2025, by filing a complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff's second amended

complaint names five Defendants: the Bay County Sheriff's Department, Bay County Sheriff Tommy Ford, Deputy Trevor Lee, Sergeant Jeremy Head, and Lieutenant David Higgins. Doc. 13. Plaintiff's claims arise from Plaintiff's arrest on July 26, 2023, and a subsequent search of his home on July 27, 2023. Plaintiff is asserting claims of "violation of policy and procedures (432204), violation of due process section I, article 9 of Florida Constitution and Fifth and Fourteenth amendments, Fourth Amendment right. Violation of Rachel's law 914.28. violation of confidentiality law for informants 19 C.F.R. § 161.15" against Lee, Head, and Higgins. *Id.* at 7–8 (errors in original). He also is asserting a claim that Sheriff Ford had "knowledge of [these] violations." *Id.* at 8. Plaintiff is seeking $5 million in damages.

## DISCUSSION

### A.    Screening of Plaintiff's Second Amended Complaint

"Although a pro se litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citations omitted). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its

business." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)).

Rule 5.7(A) of the Local Rules of the United States District Court of the Northern District of Florida instructs a *pro se* prisoner bringing suit under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form:

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

N.D. Fla. Loc. R. 5.7(A).

The complaint form, in turn, instructs the inmate to disclose his litigation history. In particular, under a heading titled "**PRIOR LITIGATION**," the form provides the following directive:

> *This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

Compl. Form at 8. The form goes on to state that the inmate should "*[a]ttach additional pages as necessary to list all cases.*" *Id.* at 12. Separately, the form requires the inmate to provide the following "**CERTIFICATION**":

> I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

*Id.*

Local Rule 41.1 describes the consequences of a litigant's failure to comply with the applicable court rules, and it expressly warns that dismissal is a possible sanction:

> If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim,

enter a default on a claim, take other appropriate action, or
issue an order to show cause why any of these actions should
not be taken.

N.D. Fla. R. 41.1.

In short, Plaintiff is required to complete the standardized civil-

rights complaint form and to complete the form according to its

instructions.

**B.**    **Plaintiff's Responses to Questions on the Complaint Form**

Plaintiff provided answers to Section VIII of the civil rights

complaint form which requires Plaintiff to disclose his litigation history.

Doc. 16 at 9–13. The complaint form asks three questions:

A. Have you had any case in federal court, including federal
appellate court, dismissed as frivolous, as malicious, for
failure to state a claim, or prior to service?

B. Have you filed other lawsuits or appeals in ***state or
federal court*** dealing with the same facts or issue involved
in this case?

C. Have you filed any other lawsuit, habeas corpus petition,
or appeal in ***state or federal court*** either challenging your
conviction or relating to the conditions of your confinement?

*Id.* at 10–11. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

Plaintiff responded "Yes" to question VIII(A) of the complaint form, and disclosed one federal case. *Id.* at 10. Plaintiff did not identify the case number but described the case as dated "Jan. 2014"; filed in "Federal Court in Ga"; and was against an officer that "took money" from Plaintiff. *Id.* at 9. Plaintiff described the reason for dismissal as: "I waited to late to file." *Id.* (error in original).

Pursuant to Federal Rule of Evidence 201, the court takes judicial notice that on March 29, 2017, Plaintiff filed a civil-rights case in the United States District Court for the Middle District of Georgia relating to a traffic stop that occurred in January 2015. *See Frazier v. Norton*, No. 4:17-cv-00072 (M.D. Ga.). That case was dismissed summarily for failure to state a claim on which relief can be granted, because Plaintiff's Fourth Amendment claims were barred by the statute of limitations and Plaintiff's due-process claims failed to state a constitutional violation. *See Frazier v. Norton*, 2017 WL 6597924 (M.D. Ga. Sept. 27, 2017), *report and*

*recommendation adopted*, 2017 WL 6596597 (M.D. Ga. Oct. 30, 2017).[1] The foregoing case was filed by Plaintiff when he was an inmate confined in the Texas Department of Corrections. *See* 2017 WL 6597924, at *1. Plaintiff identified his Texas Department of Corrections inmate number as 2077690. *See* Case No. 4:17-cv-00072, Doc. 1 (M.D. Ga. Mar. 20, 2017). Plaintiff's subsequent filings in that case also disclosed Plaintiff's Florida Department of Corrections inmate number D43540. *See* Case No. 4:17-cv-00072, Docs. 10-3, 10-4 (M.D. Ga. Oct. 23, 2017).

---

[1] The district court described the events underlying that lawsuit as follows:

> Plaintiff asserts that on January 27, 2015, he was pulled over by an officer with the Columbus Police Department for performing an illegal u-turn. Compl. 4. Thereafter, the officer ran Plaintiff's driver's license and discovered that Plaintiff had an active warrant for a probation violation in Florida. Defendant Officer Nathan Norton then searched Plaintiff, finding $10,204.36 in Plaintiff's pocket. Plaintiff's money was taken and he was issued a "currency form." Plaintiff's money was not subsequently returned to him. Instead, he was told that the money was used to buy police equipment. *Id*. Additionally, Plaintiff alleges that Defendant Chief of Police Ricky Boren knew that Plaintiff's money was wrongfully held, but allowed the money to be spent anyway. Compl. 3.

*Frazier*, 2017 WL 6597924, at *2.

Giving Plaintiff the benefit of the doubt, the undersigned presumes that Plaintiff's response to Question VIII(A) disclosed Case No. 4:17-cv-00072 (M.D. Ga.). Plaintiff disclosed no other cases in response to Question VIII(A). Doc. 13 at 10.

Plaintiff also responded "Yes" to Question VIII(C) of the complaint form, and disclosed one state-court case, namely, Plaintiff's direct appeal in his underlying criminal case (Bay County Circuit Court Case No. 2023-CF-2845). *See id.* at 12. Plaintiff disclosed no other cases.

At the end of the civil rights complaint form, Plaintiff signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 13–14. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, he had not filed any other case in federal court that was dismissed as frivolous, as malicious, for failure to state a claim, or prior to service.

## C.    <u>Plaintiff's Omission</u>

The undersigned takes judicial notice that at the time Plaintiff filed his complaint in this case on June 9, 2025, Plaintiff had filed *at least*

one other federal case that was required to be disclosed on the form. On December 6, 2005, Plaintiff, while detained in a county jail in Georgia, filed a civil-rights case in the Middle District of Georgia concerning an arrest in 2004 for driving a stolen automobile. *See Frazier v. Bibb Cnty. Sheriff's Dep't*, No. 5:05-cv-00446, Doc. 1 (M.D. Ga. Dec. 6, 2005). That case was dismissed as frivolous. *See* No. 5:05-cv-00446, Doc. 4 (M.D. Ga. Dec. 22, 2005).[2] The docket in that case reflects Plaintiff's Texas Department of Corrections inmate number 2077690.

The 2005 Georgia case was responsive to Question VIII(A) of the complaint form, because it is a case Plaintiff filed in federal court that was dismissed as frivolous. By failing to disclose at least one of his prior

---

[2] The district court described Plaintiff's allegations in that case as follows:

> Plaintiff alleges that on January 1, 2004, he was arrested in Macon, Georgia, during a routine traffic stop after sheriff's deputies learned that plaintiff was driving a stolen automobile. Plaintiff was incarcerated in the Bibb County Jail, where he remained for six months. Plaintiff alleges that the charges against him were then dropped and that he was subsequently arrested in Bay County, Florida, for theft of the same automobile.

*Frazier*, No. 5:05-cv-00446, Doc. 4 at 2 (M.D. Ga. Dec. 22, 2005).

cases, Plaintiff violated the complaint form's explicit instructions and Plaintiff's duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

## D.   The Materiality of Plaintiff's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989); *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing

frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority

includes broad discretion in deciding how best to manage the cases before them").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed cases in other jurisdictions and under additional inmate numbers. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, as detailed above, Plaintiff falsely responded to a question on the complaint form and violated the Local Rules by failing to disclose his full litigation history as required by the complaint form. Plaintiff knew from reading the complaint form that he was required to disclose all prior federal cases that were dismissed as frivolous. *See* Doc. 13 at 9. Plaintiff also knew that the penalty for failing to disclose his federal litigation history was dismissal. *Id.*; *see also* N.D. Fla. Loc. R. 41.1 (warning that the failure to follow an applicable rule is a ground for "dismiss[al] [of] a claim.").

In addition to the warnings on the complaint form, the undersigned explicitly warned Plaintiff, by separate order, that he "**must answer each question on the complaint form, including the questions regarding Plaintiff's prior litigation, both honestly and completely**." Doc. 10 at 1–2. The undersigned also warned Plaintiff that **"[f]ailure to disclose all prior federal litigation likely will result in dismissal of this civil action as an abuse of the judicial process**." *Id.* at 2 n.1.

There is no excuse for Plaintiff's failure to respond truthfully to Question VIII(A) on the complaint form. The question is straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

The District Court should not allow Plaintiff's false response to go unpunished. A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and omissions. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th

Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."). If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the form.

E.    **The Appropriate Sanction Is Dismissal Without Prejudice**

When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history warrants dismissal of the case under the district court's inherent authority to manage its docket and enforce applicable local rules. *McNair*, 143 F. 4th at 1308 ("Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules. [Plaintiff] violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form."); *see also Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013).

An appropriate sanction for Plaintiff's violation of the Local Rules by failing to comply with the complaint form's explicit instructions is to dismiss this case without prejudice. *McNair*, 143 F.4th at 1308; *see also id.* at n.4 ("[A] dismissal without prejudice doesn't depend on a finding of bad faith, and can follow from unintentional or merely negligent conduct.").

Because Plaintiff alleges that the incidents giving rise to his claims began on July 26, 2023, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

## F.    No lesser Sanction Would Suffice

A sanction less than dismissal would not suffice to deter Plaintiff's conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose

lawsuits that should have been disclosed initially); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior actions was required"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this case **without prejudice** for Plaintiff's failure to comply with the Local Rules for the Northern District of Florida.

2.    **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>30th</u> day of October 2025.

<u>/s/ *Michael J. Frank*</u>
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**